## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

GRAHAM SCHIFF,

    Plaintiff,

    v.

ADA E. CLARK-EDWARDS, et al.,

    Defendants.

Civil Action No.:  ELH-23-822

## MEMORANDUM

Plaintiff Graham Schiff filed the above-captioned Complaint on March 23, 2023 (ECF 1), naming several defendants.  He also filed a Motion to Proceed in Forma Pauperis.  ECF 2 ("IFP Motion").  In addition to the IFP Motion, Schiff has filed several other motions: a "Motion to Stay Statute of Limitations Pending Outcome of Schiff's Ongoing Probation and to Hold Complaint in Abeyance" (ECF 3); a "Motion for Change of Venue to Washington DC" (ECF 4); and a "Motion to Request and/or Compel Federal Investigation of Defendant's Criminal Acts." ECF 6.

Schiff appears to be indigent.  Therefore, I shall grant the IFP Motion.  *See* 28 U.S.C. § 1915(a)(1) (authorizing courts to allow indigent parties to proceed "without prepayment of fees").

Under 28 U.S.C. § 1915, a district court "shall dismiss [a] case" filed by a plaintiff proceeding in forma pauperis if the court determines that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see Newsome v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002) (extending 28 U.S.C. § 1915 screening to non-

prisoner *pro se* litigants).  Because Schiff is proceeding in forma pauperis, the Court must screen the Complaint to determine if the case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A self-represented party's complaint must be construed liberally.  *Erickson v. Pardus,* 551 U.S. 89, 94 (2007).  However, a self-represented plaintiff has "the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

Here, Schiff's Complaint, even construed liberally, cannot provide any basis for relief.  Thus, for the reasons that follow, Schiff's Complaint must be dismissed.  As to the remaining motions, no hearing is necessary.  Local Rule 105.6.  I shall deny the remaining motions, as moot.

## I.    Allegations in the Complaint

The Complaint arises from an event that occurred on July 26, 2019, which Schiff correctly acknowledges is "outside the three-year statute of limitations."  ECF 1 at 5.[1]  However, Schiff asserts that he "had no way of knowing the cause of action . . . until his release from incarceration on 12/2/2021 . . . ."  *Id.*

Plaintiff alleges that a judge on the Maryland District Court in Prince George's County, Judge Ada E. Clark-Edwards, "conducted a kangaroo-style fake Peace Order Hearing."  *Id.* Specifically, he alleges that Judge Clark-Edwards "conducted proceedings in a district where she is not a resident, without any formal recusals or notification to the plaintiff," and further that she failed to "devote 'full time' to judicial duties" because she came "to Montgomery County to conduct a show-trial."  *Id.*

---

[1] "[I]n evaluating a complaint filed in forma pauperis pursuant to § 1915, a district court may consider a statute of limitations defense sua sponte when the face of the complaint plainly reveals the existence of such defense." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655–57 (4th Cir. 2006) (citing *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 953–54 (4th Cir.1995)).

Schiff also names as defendants Assistant State's Attorneys Katherine Getty and Todd Steuart. *Id*. Getty pursued a "Peace Order" against Schiff because content in emails that he sent to her caused her "to be put in fear of a 'rape or sexual offense.'" *Id*.  Schiff baldly claims that because "no threats were made" his email constituted "free speech as a matter of law," and "Getty manipulated the system to ensure the Peace Order would be ruled in her favor." *Id.*

Additionally, shortly after the filing of "the Temporary Peace Order . . . Getty had [Schiff] arrested for criminal stalking on the same grounds, despite the fact his acts did not constitute any crime." *Id.*   Thereafter, the case was assigned to defendant Steuart to represent the State. *Id.* Schiff baldly alleges that Steuart and Getty "hand-selected" Judge Clark-Edwards to preside over the case. *Id.* He asserts: "During the hearing, Clark-Edwards claimed that because Schiff had googled Getty, found out she was from Cumberland, and sent her an e-mail referring to her as 'Cumberland Kate', that it constituted a preponderance of evidence that Schiff had intended to put her in fear of a sex offense." *Id.*

Based on these facts, Schiff asserts violations of his Fourteenth Amendment right to equal protection, his First Amendment right to free speech, and his Eighth Amendment right to be free from cruel and unusual punishment. *Id.* at 5-6.  He also raises several state law claims. *Id.* at 6. He requests one million dollars in damages. *Id.*

## II.    Discussion

The suit cannot proceed against Judge Clark-Edwards because it is prohibited by the doctrine of judicial immunity. *See Forrester v. White*, 484 U.S. 219, 226-27 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits.").

The doctrine of judicial immunity shields judges from monetary claims against them in both their official and individual capacities. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam). Judicial immunity is an absolute immunity; it does not merely protect a defendant from assessment of damages, but also protects a judge from damages suits entirely. *Id*. at 11. Moreover, an act is still judicial, and immunity applies, even if the judge commits "'grave procedural errors.'" *Id*. (quoting *Stump v. Sparkman,* 435 U.S. 349, 359 (1978)). Further, "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.[1]" *Stump,* 435 U.S. at 355-56; *see Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976) (stating that a judge may not be attacked for exercising judicial authority even if done improperly); *Green v. North Carolina*, No. 4:08-CV-135-H, 2010 WL 3743767, at *3 (E.D.N.C. Sept. 21, 2010).

In *Pierson v. Ray*, 386 U.S. 547 (1967), the Supreme Court granted certiorari to consider whether a judge was liable for damages under 42 U.S.C. § 1983 for an unconstitutional conviction. The Court explained the rationale for judicial immunity, *id.* at 553-54:

> Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction . . . . This immunity applies even when the judge is accused of acting maliciously and corruptly, and it "is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences" . . . . It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making but to intimidation.

Schiff's allegations regarding the actions of Judge Clark-Edwards in connection with the peace order hearing are squarely shielded by the doctrine of judicial immunity. Thus, all claims against Judge Clark-Edwards shall be dismissed.

Similarly, Schiff's claims against defendants Getty and Steuart are also barred. In Maryland, prosecutors are quasi-judicial officers who enjoy absolute immunity when performing prosecutorial functions, as opposed to investigative or administrative ones. *See Imbler v. Pachtman*, 424 U.S. 409, 422-23 (1976); *see also Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Nero v. Mosby*, 890 F.3d 106, 118 (4th Cir. 2018); *Springmen v. Williams*, 122 F.3d 211 (4th Cir. 1997).

Absolute immunity "protects 'the vigorous and fearless performance of the prosecutor's duty' that is so essential to a fair, impartial criminal justice system." *Nero*, 890 F.3d at 117 (quoting *Imbler*, 424 U.S. at 427-28). Thus, the inquiry is whether a prosecutor's actions are closely associated with judicial process. *See Burns v. Reed*, 500 U.S. 478, 479 (1991) (citing *Imbler*, 424 U.S. at 422-23). The Court uses a "functional approach" to "determine whether a particular act is 'intimately associated with the judicial phase.'" *Nero*, 890 F.3d at 118 (quoting *Imbler*, 424 U.S. at 430). The Supreme Court has "distinguished between advocative functions," which enjoy absolute immunity, and investigative or administrative functions, which are entitled only to qualified immunity. *Nero*, 890 F.3d at 118 (citing, *e.g.*, *Kalina v. Fletcher*, 522 U.S. 118, 125-26 (1997)).

The Fourth Circuit stated in *Nero*, 890 F.3d at 118: "A prosecutor acts as an advocate when she professionally evaluates evidence assembled by the police, *Buckley*, 509 U.S. at 273, decides to seek an arrest warrant, *Kalina*, 522 U.S. at 130, prepares and files charging documents, *id.*,

participates in a probable cause hearing, *Burns*, 500 U.S. at 493, and presents evidence at trial. *Imbler*, 424 U.S. at 431."

The decisions as to whether, when, and how to prosecute pertain to the role of advocate. Therefore, on the face of the suit, the prosecutorial defendants, Getty and Steuart, in the instant case enjoy absolute immunity.  *See Lyles v. Sparks*, 79 F.3d 372, 376-77 (4th Cir. 1996).

To the extent that Schiff is attempting to pursue claims against Getty in a non-prosecutorial capacity, because she pursued a peace order against him, these claims, too, fail because the Court lacks jurisdiction.  Schiff alleges that Getty pursued a "Peace Order" against him because the content of the emails that he sent to her caused her "to be put in fear of a 'rape or sexual offense.'" ECF 1 at 5.  Because "no threats were made," plaintiff believes that his email constituted "free speech as a matter of law," and thus by pursuing a peace order, "Getty manipulated the system to ensure the Peace Order would be ruled in her favor."  *Id.*

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis."  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).  They "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010), *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506–07 (2006) (Fed. R. Civ. Proc. 12(b)(1) authorizes lack of subject-matter jurisdiction to be raised by a party or by a court on its own initiative at any stage in the litigation).  Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint."  *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir.1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178 (1936)).  "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531

F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)).   Moreover, the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); accord *Hertz*, 599 U.S. at 96; *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

Section 1331 of 28 U.S.C. provides that federal courts may hear "all civil actions arising under the Constitution, laws, or treaties of the United States," commonly known as federal question jurisdiction.   For the court to retain federal question jurisdiction, the federal question must be a direct element in the plaintiff's claim and must be substantial and not plainly frivolous.   *McLucas v. DeChamplain*, 421 U.S. 21, 28 (1975).   Schiff's allegation that his emails to Getty were "free speech as a matter of law" does not state a federal claim.   Schiff's contention that his behavior did not meet the criteria required to justify a peace order is, at best, a state law claim for which there are, or were, state remedies available.

Where no federal question is presented, the court may nonetheless retain diversity jurisdiction pursuant to 28 U.S.C. § 1332 if the matter in controversy exceeds $75,000 and is between citizens of different States.   The statute "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant."   *Central West Virginia Energy Co., Inc. v. Mountain State Carbon, LLC,* 636 F.3d 101, 103 (4th Cir. 2011), citing *Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 68 (1996).   Here, there is no diversity of citizenship between Schiff and Getty, thus rendering this Court's diversity jurisdiction inapplicable.[2]

---

[2]   The Court declines to address Schiff's state law claims.   "When, as here, the federal claim is dismissed early in the case, the federal courts are inclined to dismiss the state law claims without prejudice rather than retain supplemental jurisdiction." *Carnegie Mellon Univ. v. Cohill*,

III.    Conclusion

Schiff's Complaint fails as a matter of law.  Accordingly, all federal claims are dismissed, and all pendent State law claims are dismissed, without prejudice.  Schiff's motion to proceed in forma pauperis (ECF 2) is granted.  All other pending motions (ECF 3, ECF 4, ECF 6) are denied, as moot.

A separate Order follows.


April 11, 2023                                /s/_____
Date                                          Ellen L. Hollander
                                              United States District Judge

---

484 U.S. 343, 350 (1988) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-727 (1966)).